COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Moon, Judges Coleman and Fitzpatrick

DAVID MARTIN WOODRUFF

v.        Record No. 1958-94-3          MEMORANDUM OPINION[*] BY
                                        JUDGE JOHANNA L. FITZPATRICK
COMMONWEALTH OF VIRGINIA                     FEBRUARY 13, 1996

              FROM THE CIRCUIT COURT OF MONTGOMERY COUNTY
                        Ray W. Grubbs, Judge

            (Steven R. Want, on brief), for appellant.
            Appellant submitting on brief.

            (James S. Gilmore, III, Attorney General;
            Leah A. Darron, Assistant Attorney General,
            on brief), for appellee.  Appellee submitting
            on brief.


     David Martin Woodruff (appellant) was adjudged, in a bench

trial, of having violated the conditions of a suspended sentence.

On appeal, he argues that the trial court erred in admitting

evidence of threats made against individuals other than those

named in the order suspending his sentence.  Finding no error, we

affirm.

     On April 28, 1994, appellant pled guilty to four counts of

destruction of property, two counts of making threatening

telephone calls, and one count of making a false report of a

crime to a law enforcement officer.  The trial court sentenced

him to forty-eight months in jail, suspending forty-two months

conditioned on good behavior and on appellant having no contact

     [*]Pursuant to Code § 17.116.010 this opinion is not
designated for publication.

with Teri Borkowski (Borkowski), Kyle Mohr (Mohr), Nicole Swann, and Lorie Ann Shelley (the victims of his crimes).

On May 9, 1994, the court issued a show cause summons for appellant to appear and show cause why his suspended sentence should not be reinstated. Before the show cause hearing, appellant filed notice of his intent to rely on an incompetency defense. At the show cause hearing on September 7, 1994, Borkowski testified that, on May 3, 1994, she received messages from appellant on her answering machine. The messages threatened Borkowski and Mohr, and a recording indicated that the calls originated from the Montgomery County Jail. Mohr testified that he received similar messages on his answering machine. Joe Francis testified that appellant gave him the telephone numbers of Borkowski and Mohr, and told him to call them and make threats.

The Commonwealth called Montgomery County Deputy Daniel Levesque (Levesque) to testify that appellant made threatening remarks regarding Borkowski, the Commonwealth's Attorney, and the Assistant Commonwealth's Attorney. Appellant objected, arguing that any threats against the Commonwealth's Attorney and the Assistant Commonwealth's Attorney were irrelevant to the conditions of his suspended sentences.[1] The Commonwealth argued

---

[1] On appeal, appellant also argues that Levesque's testimony was inadmissible evidence of other bad acts and that the Commonwealth was required to provide advance disclosure of its intent to present such evidence. These specific arguments were not raised before the trial court and are barred by Rule 5A:18.

that the threats were admissible to counter appellant's mitigation evidence. The trial court ruled that Levesque could testify that appellant made threats against persons other than Borkowski or Mohr, but that he could not identify the objects of those threats. Appellant made no further objection.

Appellant denied making any threatening calls or asking Francis to do so. The trial court found that appellant had violated the conditions of his suspended sentence. The court allowed appellant to present the testimony of a psychologist and his father as mitigation evidence, but imposed the suspended forty-two month sentence.

"Evidence is relevant if it has any logical tendency, however slight, to establish a fact at issue in the case." Ragland v. Commonwealth, 16 Va. App. 913, 918, 434 S.E.2d 675, 678 (1993). Evidence of appellant's threatening remarks was clearly relevant to prove whether he had violated the good behavior requirement of his suspended sentence. Additionally, "hearsay evidence, which would normally be inadmissible in a criminal trial, may be admitted into evidence in a revocation hearing based on the court's discretion." Davis v. Commonwealth, 12 Va. App. 81, 84, 402 S.E.2d 684, 686 (1991). Thus, the trial court did not abuse its discretion in allowing Levesque to testify that appellant made threats against persons other than Borkowski and Mohr.

Accordingly, the decision of the trial court is affirmed.

3

<u>Affirmed</u>.